IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth D. Rivera, #318979, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Director Bryan P. Stirling; )<br>Warden Mr. McKie; and )<br>Corporal Mr. Chappel, )<br>)<br>Defendants. )<br>_____ ) | C/A No. 8:15-2135-JMC-JDA<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

Kenneth D. Rivera ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at Kirkland Correctional Institution ("Kirkland"). He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## **BACKGROUND**

Plaintiff alleges the following facts. On March 9, 2015, he was transported from the Greenville County Detention Center to Kirkland Reception and Evaluation Center. [Doc. 1 at 3.] Prison officials inspected his belongings including his legal mail/legal work. [*Id.*] Corporal Chappel ("Chappel") at Kirkland confiscated photographs related to his pending legal case or "photographs of his crime." [*Id.*; Doc. 1-1 at 4.] Chappel stated that he placed the photographs with Plaintiff's other identification cards in his "ward jacket." [Doc. 1 at 3.] Plaintiff asked Chappel how he could retrieve his photographs, and Chappel stated that Plaintiff should speak with his "dorm officer." [*Id.*] Plaintiff has requested from several different prison officials permission to obtain his photographs related to his pending legal

case. [*Id.* at 3–4.] He has not been able to obtain the photographs, which he also calls legal papers. [Doc. 1 at 5; Doc. 1-1 at 4.]

Based on these facts, Plaintiff alleges that the following constitutional rights were violated: First Amendment right to redress of grievances; Fourth Amendment right to be free from unreasonable search and seizures; and, Fourteenth Amendment due process rights. [Doc. 1-1 at 3.]  For his relief, Plaintiff seeks damages and injunctive relief for the return of his legal papers/photographs. [Doc. 1 at 5; Doc. 1-1 at 4.]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

3

violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint should be dismissed for failure to allege a claim on which relief may be granted. Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

First, Plaintiff's contention that the confiscation of his photographs violated his Fourth Amendment right to be free from unreasonable search and seizure is meritless. As this Court has previously stated in one of Plaintiff's prior cases filed in this Court wherein he complained about prison officials seizing certain personal property, "prisoners have no legitimate expectation of privacy and . . . the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells[.]" *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *see Kenneth Rivera v. Byars ("Rivera I")*, C/A No. 8:13-1233-JMC (D.S.C. Oct. 28, 2013), ECF No. 20 (this same Plaintiff complained when pro se forms, documents from an attorney, a newsletter, and a pair of boots were taken from him during his transfer to another prison); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir.

2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Further, Plaintiff's contention in this case that he may bring a due process claim based on the confiscation of his photographs is meritless. As this Court has previously explained in *Rivera I*, given that a meaningful post-deprivation remedy is available to Plaintiff under South Carolina law, he fails to state a due process claim on which relief may be granted. *See Rivera I*, C/A No. 8:13-1233-JMC (D.S.C. Oct. 28, 2013), ECF No. 20; *see also Samuel v. Ozmint*, C/A No. 3:07-178-PMD-JRM, 2008 WL 512736, at *7 (D.S.C. Feb. 25, 2008) (noting that claims related to taking of personal property are cognizable under South Carolina state law); *Greene v. Stonebreaker*, C/A No. 9:06-3392-PMD-GCK, 2007 WL 2288123, at *6 (D.S.C. Aug. 6, 2007) (noting that a person in South Carolina appears to have adequate postdeprivation remedies for personal property loss). The Constitution's due process clause is not violated by the intentional unauthorized taking of a person's property by a state or city employee if a meaningful postdeprivation remedy for the loss is available. *See Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff and noting that a due process violation occurs not when the property is taken but when a State fails to provide due process); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful postdeprivation remedy for the loss of animals).

Plaintiff's claim alleging that his constitutional right to redress grievances was violated seems to be based on his contention that Defendants have failed to respond to, and/or process, his prison grievances related to his photographs. However, as this Court stated in a different previous action filed by Plaintiff wherein he alleged the denial of his constitutional right to redress of grievances, a prisoner's allegation that a defendant failed to respond to his prison grievances does not state a cognizable constitutional claim. *See Kenneth Rivera v. Byars (Rivera II")*, C/A No. 8:12-3214-JMC (D.S.C. Oct. 24, 2013), ECF No. 40. It is well settled that an inmate's access to and participation in a prison's grievance process is not constitutionally protected. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Taylor v. Lang*, 483 F. App'x 855, 858 (4th Cir. 2012); *Sweat v. Harell*, C/A No. 9:09-2040-HFF-BM, 2009 WL 3334451, at *3 (D.S.C. Oct. 15, 2009). Thus, even if Defendants improperly processed or failed to respond to Plaintiff's grievances filed at Kirkland, such conduct does not violate the Constitution.

Moreover, Plaintiff seems to allege that the photographs taken from him were actually legal papers because they relate to his pending unspecified litigation. Although he does not specifically allege denial of access to the courts, liberally construed Plaintiff may be attempting to allege such a claim. It is true that a prisoner may state a constitutional claim for denial of meaningful access to the courts to bring challenges to sentences or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Giarratano v. Johnson*, 521 F.3d 298, 305 (4th Cir. 2008). However, it is well settled that to state a cognizable claim for denial of meaningful access to the courts a prisoner must allege specific actual injury resulting from the alleged denial. *Lewis*, 518 U.S. at 349–53 (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual

6

injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded). In this case, Plaintiff does not allege any specific facts as to how a pending non-frivolous legal case, or any other contemplated non-frivolous legal matter, was adversely affected due to his inability to obtain his photographs of the crime. Therefore, Plaintiff fails to state a claim on which relief may be granted.

Lastly, this action should also be dismissed based on frivolousness. A suit is frivolous if it lacks an arguable basis in law or fact. *Worley v. Keller*, 475 F. App'x 484 (4th Cir. 2012). As mentioned above, Plaintiff previously has filed a § 1983 lawsuit in this Court related to a similar situation where personal property was taken by prison officials, and he alleged similar legal contentions. This Court dismissed that action, *Rivera I*, without issuance and service of process, and this Court explained to Plaintiff that his claims of unreasonable search and seizure and due process lacked an arguable basis in law. Additionally, in *Rivera II*, this Court dismissed the action without issuance and service of process and explained to Plaintiff that failure to respond to prison grievances does not state a constitutional claim. Thus, his attempt to bring similar legal claims again in this action is frivolous, and a "strike" pursuant to 28 U.S.C. § 1915(g) is recommended. *See McLean v. United States*, 566 F.3d 391, 399-400 (4th Cir. 2009) (noting that a dismissal for frivolousness without prejudice may be designated a strike).

**RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  It is further recommended that this action be designated a "strike" based on frivolousness pursuant to 28 U.S.C. § 1915(g).  **Plaintiff's attention is directed to the important notice on the next page.**


June 15, 2015                                                    s/Jacquelyn D. Austin
Greenville, South Carolina                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).