# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth "Syncere" Rivera, #318979, ) | |
| ) | Civil Action No. 8:15-cv-02135-JMC |
| Plaintiff, ) | |
| ) | |
| v.            ) | **ORDER AND OPINION** |
| ) | |
| Bryan P. Stirling, *Director*; ) | |
| Mr. McKie, *Warden*; ) | |
| Mr. Chappel, *Corporal*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Kenneth "Syncere" Rivera ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed an action pursuant to 42 U.S.C. § 1983. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 11), filed June 15, 2015, recommending that Plaintiff's Complaint (ECF No. 1) against Bryan P. Stirling, Mr. McKie and Corporal Chappel (collectively "Defendants") be dismissed with prejudice for failure to state a claim on which relief may be granted and without issuance and service of process.

For the reasons below, the court **ADOPTS** the findings of the Report and **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice. Moreover, due to Plaintiff's active history of filing actions that lack a claim for which the court can grant relief, the court agrees that Plaintiff's Complaint (*id.*) be designated a strike pursuant to 28 U.S.C. § 1915(g).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 9, 2015, Plaintiff was transferred to Kirkland Reception and Evaluation Center ("Kirkland"). (ECF No. 11 at 1.) Plaintiff claims that photographs related to his pending legal case were confiscated and that he could not obtain the property despite multiple requests to prison officials. (ECF No. 1.) As a result, Plaintiff alleges Defendants violated his First

Amendment right to redress of grievances, Fourth Amendment right to be free from unreasonable search and seizure and Fourteenth Amendment right to due process. (*Id.*) Subsequently, Plaintiff sought damages and injunctive relief for the return of his property. (*Id.*)

The Magistrate Judge filed the Report recommending that this court dismiss the action with prejudice for failure to state a claim on which relief may be granted and without issuance and service of process. (ECF No. 11 at 8.) Further, the Report recommends Plaintiff's complaint be designated a "strike" pursuant to 28 U.S.C. § 1915(g). (*Id.*) Plaintiff filed timely Objections on June 25, 2015. (ECF No. 13.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

**A. Fourteenth Amendment**

Plaintiff objects to the Report and alleges his right to file grievances is protected under the Fourteenth Amendment. (ECF No. 13 at 3.) The Magistrate Judge recommends that this court dismiss the Complaint because, given that a meaningful post-deprivation remedy is available, Plaintiff fails to state a due process claim on which relief may be granted. (ECF No. 11 at 5.) The

2

court agrees with the Magistrate Judge's recommendation to dismiss Plaintiff's Complaint (ECF No. 1).

Plaintiff argues his claim is not frivolous because he has a pending criminal case and "confiscation of his property without due process is generally a cognizable claim under civil rights statute." (ECF No. 13 at 3 (citing *Lewis v. N.Y.*, 547 F.2d 4, 6 (2d Cir. 1976)).) However, Plaintiff provides no evidence of a pending criminal case.

Additionally, the Supreme Court held that a deprivation of personal property does not generate a constitutional violation of procedural due process under § 1983 unless and until the State fails to provide due process. *Mora v. City of Gaithersburg*, *MD*, 519 F.3d 216, 230 (2008) (quoting *Zinermon v. Burch*, 494 US. 113, 125-26 (1990)). The court notes that it has found the grievance process available to prisoners in South Carolina is an adequate post-deprivation remedy. *Greeve v. Stonebreaker*, No. 9:06-3392, 2007 WL 2288123, at *3 (D.S.C. Aug. 6, 2007) (citing *Al-Shabazz v. S.C.*, 338 S.C. 354 (2000)).

Finally, Plaintiff offers requests to Kirkland prison officials as evidence of Defendants denying him procedural due process. (ECF No. 13 at 4-5.) However, the evidence shows Kirkland staff members furnished Plaintiff with information regarding the appropriate course of action to retrieve his property. (*Id.*) Therefore, Plaintiff's claim of inadequate the post-deprivation remedies for personal property loss is without merit. Accordingly, the court agrees with the Magistrate Judge's finding that Plaintiff fails to state a due process claim on which relief may be granted. (ECF No. 11 at 5.)

## B. Fourth Amendment

Plaintiff objects and states verbatim:

> [T]he right to be free from unreasonable search and seizure is not meritless, but a protection from unjust confiscation. Taking of Prisoner's legal papers

3

> states [a] claim for violation of [the] deprivision [sic] provision of this section or for conspiracy to deprive civil rights of others if taking results in interference with or infringement of prisoner's constitutional right of access to courts.

(ECF No. 13 at 2.) Plaintiff's Fourth Amendment claim was brought pursuant to 42 U.S. § 1983. To establish a § 1983 claim, Plaintiff must demonstrate a violation of a right secured by the Constitution or laws of the United States and that the violating party is a state actor operating under the color of the law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The court observes that the Supreme Court of the United States concluded that "prisoners have no legitimate expectation of privacy and that the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). Yet, the Court stated a search or seizure may be unreasonable if it amounts to intentional harassment. *Id.* at 550. Plaintiff presents no evidence that Defendants confiscated his property to intentionally harass him.

Furthermore, the Report acknowledges a prisoner may state a constitutional claim for denial for meaningful access to the courts to bring challenges to sentences of conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). However, a claim of denial of access to the courts must allege specific actual injury resulting from the alleged denial. (*Id.*) Plaintiff does not provide the necessary evidence required to claim he is being denied meaningful access to the courts.

Consequently, the court agrees with the Magistrate Judge's finding that Plaintiff fails to state a claim on which relief may be granted and accepts the recommendation for dismissal. (ECF No. 11 at 8.)

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Magistrate Judge's Report (ECF No. 11), this court **ADOPTS** the findings of the Report and **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice. Further, due to Plaintiff's active history of filing actions that lack a claim for which the court can grant relief, the court agrees that Plaintiff's Complaint (*id.*) be designated a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 20, 2016
Columbia, South Carolina